**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

JODI ZILS GAGNE,                          :

          Plaintiff                    :    Civil Action No.:_____

    -against-

THE UNITED STATES OF AMERICA,             :

          Defendant                    :    December 2, 2021

## COMPLAINT

### Preliminary Statement

1.    The Plaintiff brings this action against the Defendant United States of America for injuries she sustained while an inmate at a federal correctional institution pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671 et seq.).

### Parties

2.    The plaintiff, Jodi Zils Gagne ("Plaintiff"), is a citizen and a resident of the State of Connecticut.

3.    The defendant, United States of America ("Defendant"), is a nation which operates the United States Bureau of Prisons.

### Jurisdiction

4.    Jurisdiction is conferred upon this court because this is an action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. and 28 U.S.C. §1346(b).

## Venue

5.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (e) because the Defendant transacts business in the State of Connecticut and a substantial part of the events and omissions giving rise to the Plaintiff's claim occurred in the State of Connecticut.

## Statement of Facts

6.    On or about December 16, 2019, Plaintiff was an inmate at the FCI Danbury and had been an inmate there since July 22, 2019.

7.    The FCI Danbury, located at 33 ½ Pembroke Road in Danbury, Connecticut, is a low security Federal correctional institution operated by the United States Bureau of Prisons.

8.    On or about December 16, 2019, at approximately 11:00 am, the plaintiff was heading to the commissary prior to lunch in order to pick up her shopping list for the week.

9.    As the plaintiff was walking from the camp and approaching the commissary building, she tripped and fell on an uneven sidewalk by the front door of the commissary, causing her to strike her face on the glass door to the commissary, jam her left index finger in between the door and the door jam, and fall forward, causing the plaintiff to sustain the below serious injuries and damages.

10.    As a result of the collision, the Plaintiff suffered injuries of a serious, painful and permanent nature in that he sustained:

(a)    left index finger laceration;

2

(b)    left index finger scarring;

(c)    left index finger pain and numbness;

(d)    onset of infection to the left index finger;

(e)    a general shock to his nervous system; and

(f)    anxiety and apprehension about her mental and physical conditions.

(a)-(f)  Some or all of which injuries have affected his ability to participate in her normal activities of daily living and have prevented her from resuming his pre-accident lifestyle.

10.    On or about October 30, 2020, the Plaintiff submitted a claim to the United States Bureau of Prisons in the amount of $500,000.00 pursuant to 28 U.S.C. § 2675.

11.    Since no final disposition of the Plaintiff's claim has been made by the United States Bureau of Prisons in writing within six months of its presentment, the Plaintiff is now treating the Agency's failure to do so as a final denial of the claim under 28 U.S.C. § 2675.

**First Cause of Action**

12-22. Paragraphs 1 through 11 of this Complaint are hereby incorporated by reference and made paragraphs numbers 12 through 22 of this the First Cause of Action as if fully set forth herein.

23.    At all times mentioned herein, the Defendant United States of America, through the United States Bureau of Prisons, owned, possessed, controlled and maintained the above mentioned sidewalk located directly in front of the commissary building at FCI Danbury.

3

24.    The Defendant, United States of America, through the United States Bureau of Prisons, was in possession and control of the above mentioned sidewalk located directly in front of the commissary building at FCI Danbury, and although such sidewalk area was uneven and created a tripping and falling hazard, they did not remedy or repair such condition.

25.    The injuries and damages suffered by the Plaintiff were caused as a result of the negligence and carelessness of the defendant in that it:

(a)    failed to maintain the sidewalk, in the area of the plaintiff's fall, in a reasonably safe condition;

(b)    improperly allowed the area of the sidewalk where the plaintiff fell to become uneven and constitute a hazard thereby creating a dangerous and defective condition;

(c)    improperly allowed and permitted the sidewalk to remain in an unreasonably unsafe and dangerous condition when they knew, or in the exercise of reasonable care, should have known, about said condition;

(d)    failed to properly warn passersby, including the plaintiff, of the danger presented by uneven and hazardous sidewalk when they knew, or in the exercise of reasonable care, should have known, about its existence;

(e)    failed to repair the uneven and hazardous sidewalk, or take other reasonable remedial measures, to ensure that the ground in said area was reasonably safe for pedestrian traffic;

(f)    failed to keep the ground and surrounding area in the general vicinity of the plaintiff's fall in a reasonably safe condition for pedestrians, including the plaintiff, when in the exercise of reasonable care, they could have, and should have done so;

4

(g)     improperly allowed said portion of the sidewalk to become uneven and hazardous, in the area of the plaintiff's fall when they knew, or in the exercise of reasonable care, should have known, that the condition created an unreasonable risk of harm to anyone traversing the sidewalk, including the plaintiff;

(h)     knew, or in the exercise of reasonable care and proper inspection should have known, about the dangerous and defective condition (i.e., the uneven and hazardous portion of the sidewalk) but failed to remedy said condition; and

(i)     failed to otherwise exercise due care with respect to the matters alleged in this complaint.

26.     As a result of the negligence and carelessness of the Defendant, the Plaintiff was forced to incur financial obligations for her medical care and treatment and will more likely than not incur additional financial obligations for the same in the future.

27.     As a further result thereof, the Plaintiff will be in the future unable to carry on her usual and customary activities, thereby sustaining a loss.

28.     As a further result thereof, the Plaintiff was unable to carry out her duties of employment for a period of time causing her lost wages and a diminished earning capacity.

## Prayer For Relief

**WHEREFORE,** the Plaintiff claims:

1. Damages;

2. Costs; and/or

3. Such other relief as may apply at law or equity.

THE PLAINTIFF
JODI GAGNE

By: _____
Agustin Sevillano (ct21769 )

COOPER SEVILLANO, LLC
1087 Broad Street, 4th Floor
Bridgeport, CT  06604
E-Mail:asevillano@coopersevillano.com
Phone:          (203) 366-0660
Facsimile:      (203) 366-0688
Juris No.:       433348

*Attorney for Plaintiff JODI GAGNE*

6