UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JODI ZILS GAGNE | : |
| Plaintiff, | : No.3:21-cv-1601-VLB |
| v. | : |
| | : January 10, 2023 |
| THE UNITED STATES OF AMERICA, | : |
| Defendant. | : |

### MEMORANDUM OF DECISION GRANTING
### THE UNITED STATES' MOTION TO DISMISS (ECF No, 12)

On or about December 16, 2019, Jode Zils Gagne (the "Plaintiff"), who at the time was an inmate at the Danbury Federal Correctional Institute ("Danbury FCI"), tripped and fell on an uneven sidewalk on Danbury FCI property causing her to sustain serious injuries.  The Plaintiff brought this suit alleging the United States, through the United States Bureau of Prisons (the "BOP"), negligently failed to inspect, maintain, and warn others of the uneven sidewalk that caused her injury.

Before the Court is the United States' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. (Mot., ECF No. 12.)  The United States argues the Court lacks subject matter jurisdiction over Plaintiff's claim because the United States' sovereign immunity has not been waived with respect to this claim.  Specifically, the United States argues that the claim falls within the Federal Tort Claims Act (the "FTCA") discretionary function exception, 28 U.S.C. § 2680(a), because relevant statutes and regulations entrust the functions the Plaintiff challenges to the BOP's discretion.

1

**The Plaintiff opposes the motion to dismiss and argues that the discretionary function exception does not apply in this case because the "challenged action" is subject to a BOP internal regulation.  (Opp., ECF No. 22.)**

**For the following reasons, the Court GRANTS the United States' motion and DISMISSES this case.**

**I.     BACKGROUND**

**Beginning in July 2019, the Plaintiff was an inmate at Danbury FCI.  (Compl. ¶ 6, ECF 1.)  On December 16, 2019, the Plaintiff was walking to the prison commissary building when she tripped and fell on an uneven sidewalk by the front door of the building.  (*Id.* ¶¶ 8–9.)  She was injured.  (*Id.* ¶ 9.)  On October 30, 2020, the Plaintiff submitted a claim to the BOP pursuant to 28 U.S.C. § 2675.  (*Id.* ¶ 10.)  The BOP did not issue a final disposition on the claim more than six months after it was raised.  (*Id.*)  The Plaintiff brought this suit alleging negligence and carelessness on the part of the BOP for failing to maintain and inspect the uneven sidewalk, as well as a claim for failing to properly warn her of said defect.  (*Id.* ¶ 25.)**

**II.    LEGAL STANDARD**

**"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 200). *See* Fed. R. Civ. P. 12(b)(1).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Id.*  "A plaintiff asserting subject matter jurisdiction has the**

burden of proving by a preponderance of the evidence that it exists." *Id.* "[J]urisdiction must be shown affirmatively . . . ." *Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

   III.   DISCUSSION

"Under traditional principles of sovereign immunity, the United States is immune from suit except to the extent the government has waived its immunity." *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000). "In 1946, Congress adopted the FTCA which, subject to numerous exceptions, waives the sovereign immunity of the federal government for claims based on the negligence of its employees." *Id.* (citing to 28 U.S.C. §§ 1346(b), 2671 *et seq.*). The FTCA provides, in relevant part, that the federal courts

> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "The United States' waiver of immunity under the FTCA 'is to be strictly construed in favor of the government.'" *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).

One significant limitation to the waiver of sovereign immunity is the discretionary function exception, which excludes from the waiver of sovereign immunity when:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or

3

**perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.**

28 U.S.C. § 2680.  The discretionary function exception applies when the following two conditions are met: (1) the challenged act "involves an element of judgment or choice" and (2) the judgment or choice is "of the kind that the discretionary function exception was designed to shield," meaning the conduct is a "governmental action[ ]" or "decision[ ] based on considerations of public policy" or susceptible to policy analysis.  *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988).

The issue before the Court is whether the Plaintiff's claim is based on a discretionary function by the BOP subject to the FTCA discretionary function exception.  If so, the case must be dismissed for lack of subject matter jurisdiction.  Below, the Court addresses each of the two conditions that must be met in order for the discretionary function exception to apply.

A. <u>First: Does the Challenged Act Involved an Element of Judgment or Choice?</u>

The first question the Court must ask is whether the challenged act involves an element of judgment or choice.  The United States argues that the federal statutory and regulatory scheme on government sidewalk maintenance does not deprive BOP officials of discretion by mandating any conduct, and thus, the BOP retains discretion respecting the sidewalk at the center of Plaintiff's claim.

Federal statutory law provides, in relevant part, that an "executive agency *may* install, repair, and replace sidewalks around buildings . . . that are—(1) under

**4**

the agency's control; [and] (2) owned by the Federal Government." 40 U.S.C. § 589(a) (emphasis added).  This statute also provides that it "does not increase or enlarge tort liability of the Government for injuries to individuals or damages to property." § 589(e).  Further, the statute provides that "[s]ubsection (a) shall be carried out in accordance with regulations the Administrator of General Services prescribes with the approval of the Director of the Office of Management Budget." § 589(c).

In exercising the authority afforded under section 589(c), the Administrator of General Service prescribes the following federal regulation on sidewalk maintenance:

> Federal agencies, giving due consideration to State and local standards and specifications for sidewalks, decide when to install, repair or replace a sidewalk. However, Federal agencies may prescribe other standards and specifications for sidewalks whenever necessary to achieve architectural harmony and maintain facility security.

41 C.F.R. § 102-74.580.

The funding for sidewalk maintenance follows the scheme for maintenance generally, see 40 U.S.C. § 589(d), meaning the decision on whether to repair sidewalks is governed by the larger regulatory framework for government building maintenance.  Section 102-74.10 of Title 42 of the Code of Federal Regulations provides the regulations that govern government building maintenance.  This section provides:

> Executive agencies must manage, operate and maintain Government-owned and leased buildings in a manner that provides for quality space and services consistent with their operational needs and accomplishes overall Government objectives. The

> management, operation and maintenance of buildings and building systems must—
> (a) Be cost effective and energy efficient;
> (b) Be adequate to meet the agencies' missions;
> (c) Meet nationally recognized standards; and
> (d) Be at an appropriate level to maintain and preserve the physical plant assets, consistent with available funding.

41 C.F.R. § 102-74.10.

The Court finds that the federal statutory and regulatory scheme detailed above confers discretion to an agency on maintenance of sidewalks within their care and control. Section 589(a) of Title 40 of the United States Code and section 102-74.580 of Title 41 of the Code of Federal Regulations use the term "may," which confers discretion on the part of the actor. In addition, the regulations delegates to the agency the decision on when to install, repair, or replace a sidewalk. 41 C.F.R. § 102-74.580. In making this decision, federal regulations require consideration of several factors, but ultimately leaves the decision on how to balance those factors to the discretion of the agency. 41 C.F.R. § 102-74.10. The agency regulations do not abdicate discretion, it describes the process by which to exercise discretion. Balancing these considerations involves the exercise of discretion. For example, in *Reichart v. United States*, 408 Fed. Appx. 441 (2d Cir. 2011), the Second Circuit reviewed the dismissal of a slip and fall on federal property case. The Second Circuit affirmed the finding that the discretionary function exception applied where the decision not to repair the defect was made in consideration of several factors, including the risk of injury, cost of repair, and allocation of resources. *Id.* at 443. The Second Circuit concluded that the decision with respect to the maintenance of the property "was

6

an exercise of its discretion and susceptible to a policy analysis." *Id.* Here, similar to *Reichart*, the federal statutory and regulatory scheme requires consideration of several factors and the exercise of discretion on sidewalk maintenance.

The Plaintiff responds by pointing to the BOP Facilities Operations Manual section on "Annual Buildings and Grounds Condition Assessment." The Plaintiff claims that under the BOP Manual, "all areas of the institution <u>must</u> have a documented visual inspection annually . . . ." (Opp. 6.) The Plaintiff argues that this manual removes discretion to inspect from BOP staff, and thus her claim that the BOP failed to inspect the sidewalk does not fall under the discretionary function exception. The Plaintiff argues that the federal statutory and regulatory scheme addressed above fails to include terms such as "maintain" and "inspect," and thus the BOP manual dictates whether the failure to inspect is ministerial or discretionary.

The Plaintiff's reliance on the BOP Facilities Manual is misplaced. The manual only prescribes mandatory yearly inspections, it does not provide a mandatory action in response to the inspection. The Plaintiff points to nothing in the manual that directly addresses maintenance of any grounds condition. Thus, the manual does not conflict with the federal statutory and regulatory scheme addressed above, which the Plaintiff concedes clearly leaves to the discretion of the federal agencies whether to install, repair, or replace a sidewalk. (Opp. 6.)

The Plaintiff's reliance on the BOP Manual, which again only mandates yearly inspections, suggests she is abandoning her claims for failure to maintain

7

and warn.  The Court reaches this conclusion because the Plaintiff presents no argument in response to the United States' argument that the discretionary function exception applies on those two theories.  To the extent the Plaintiff is seeking to only advance a theory of liability on the failure to inspect, her complaint must fail for two reasons.  First, her allegations with respect to the failure to inspect are wholly conclusory and thus not entitled to an assumption of truth because she provides nothing more than threadbare legal conclusions with respect to the failure to inspect claim.  *See Huntress v. United States*, 810 F. App'x 74, 77 (2d Cir. 2020), *cert. denied,* 141 S. Ct. 1056 (2021) ("[M]ere conclusory assertions . . . cannot carry Plaintiffs' burden of establishing jurisdiction."). Second, her claim must logically fail because her injuries could not plausibly be caused by the mere failure to inspect.  Rather, as she repeatedly identified in her complaint, her injuries were caused by the sidewalk being uneven and in need of repair.  Thus, the Court rejects the Plaintiff's argument.

Therefore, the BOP's decision about whether and when to repair a sidewalk "involves an element of judgment or choice," which satisfies the first part of the discretionary function exception test.

### B. Second: Is the Judgment or Choice of the Kind the Discretionary Function Exception is Designed to Shield?

Now that the Court has found that the decision on sidewalk maintenance involves an element of judgment or choice, the Court must then move to the second question—whether the judgment or choice is "of the kind that the discretionary function exception was designed to shield." *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988).

"[T]he discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Id.* at 537. Policy judgments may include employee level discretionary decision making. For example, in *United States v. Varig Airlines*, the Supreme Court found that federal agency employees' execution of an agency program, which divested a degree of discretion in the employee in how to carry out the program, fell within the discretionary function exception. 467 U.S. 797, 820 (1984). "[T]he purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gaubert*, 499 U.S. at 323.

> There are obviously discretionary acts performed by a Government agent that are within the scope of his employment but not within the discretionary function exception because these acts cannot be said to be based on the purposes that the regulatory regime seeks to accomplish. If one of the officials involved in this case drove an automobile on a mission connected with his official duties and negligently collided with another car, the exception would not apply. Although driving requires the constant exercise of discretion, the official's decisions in exercising that discretion can hardly be said to be grounded in regulatory policy.

*Id.* at 325 n.7.

The United States argues that the second prong is met because the exercise of discretion in whether to maintain a sidewalk is a policy decision that the discretionary function exception was designed to shield. The Plaintiff does not respond to this argument.

The Court agrees with the United States, the decision on whether to repair or replace a sidewalk is a policy judgment the discretionary function exception is

designed to shield. The decision requires the agency to balance specified considerations. *See* 41 C.F.R. § 102-74.10 (listing considerations). Balancing considerations of economy, efficiency, and safety, fall squarely within the kind of choices the discretionary function exception was designed to shield. *See Coulthurst v. United States*, 214 F.3d 1063, 109 (2d Cir. 2000). *See also Reichart*, 408 Fed. Appx. at 443 (concluding that the decision on whether to repair a defective pier under the federal government's control, which required consideration of several factors such as costs and benefits, was an exercise of discretion and susceptible to a policy analysis).

In sum, the Court finds that the discretionary function exception applies because the BOP's decision about whether to repair a sidewalk both involved an element of judgment, and that judgment is of the kind the discretionary function exception is designed to shield. As a result, the Plaintiff's claim is barred from waiver of sovereign immunity provided by the FTCA and the United States is immune from suit. Therefore, the Court lacks subject matter jurisdiction, and the case must be dismissed.

IV.   **CONCLUSION**

The United States' Motion to Dismiss is GRANTED and the case is DISMISSED. The Clerk is directed to close this case.

IT IS SO ORDERED.

                                        _____
                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated this day in Hartford, Connecticut: January 10, 2023